[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-11466
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 1, 2008
THOMAS K. KAHN
CLERK

Agency No. A96-437-626

NG CRISTEVEN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(December 1, 2008)

Before TJOFLAT, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Through counsel, Ng[1] Cristeven, an Indonesian of Chinese descent, petitions for review of the Board of Immigration Appeals ("BIA") order dismissing his appeal of denial of his application for asylum and withholding of removal.[2] Cristeven offers two arguments: (1) the BIA and the Immigration Judge ("IJ") erroneously failed to find that changed conditions prevented his timely filing of an application for asylum; and (2) he demonstrated past persecution and a well-founded fear of unavoidable future persecution in Indonesia because he is Christian and Chinese. Therefore, Cristeven maintains, the IJ and BIA erred by denying his applications for asylum and withholding of removal. We will address each argument in turn.

## I. Asylum

Conceding that he did not file his application for asylum within the one-year time frame from arrival into the United States, Cristeven argues that BIA erred by finding that he did not establish one of the exceptions, specifically changed circumstances. The Government responds that we lack jurisdiction to review the denial of Cristeven's application.

---

[1] "Ng" stands for "name not given."

[2] Cristeven did not appeal the denial of withholding of removal under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment to the BIA or us.

2

When the BIA issues a decision, we review only that decision, "except to the extent that [the BIA] expressly adopts the IJ's decision." *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). "We review subject matter jurisdiction *de novo*." *Gonzalez-Oropeza v. U.S. Att'y Gen.*, 321 F.3d 1331, 1332 (11th Cir. 2003) (per curiam).

An alien may apply for asylum if he "demonstrates by clear and convincing evidence that the application has been filed within 1 year after the date of the alien's arrival in the United States." 8 U.S.C. § 1158(a)(2)(B). An application filed after one year may be considered "if the alien demonstrates to the satisfaction of the Attorney General either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application within the period specified . . . ." § 1158(a)(2)(D). Section 1158(a)(3) provides: "[n]o court shall have jurisdiction to review any determination of the Attorney General under paragraph (2)." § 1158(a)(3).

Under our current precedent, § 1158(a)(3) divests us of jurisdiction to review the determination that an asylum applicant filed an untimely application or failed to establish changed or extraordinary circumstances to excuse his untimely filing. *Fahim v. U.S. Att'y Gen.*, 278 F.3d 1216, 1217 (11th Cir. 2002) (per curiam) (holding that federal courts lack jurisdiction to review the Attorney

3

General's decision as to timeliness of an asylum request: "Pursuant to 8 U.S.C. § 1158(a)(3), the Attorney General's decision regarding whether an alien complied with the one-year time limit or established extraordinary circumstances, such that the time limit should be waived, is not reviewable by any court."); *Ruiz v. Gonzales*, 479 F.3d 762, 765 (11th Cir. 2007) (providing that 1158(a)(3) "divests us of jurisdiction to review decisions of whether an alien complied with the one-year time limit, or whether extraordinary circumstances were present to justify untimely filing of the asylum application"). Hence, we lack jurisdiction to review the determination that Cristeven failed to demonstrate that changed country conditions justified his untimely filing.[3] *See* 8 U.S.C. § 1158(a)(3). Accordingly, we dismiss Cristeven's petition for review with respect to his asylum claim for lack of jurisdiction.

---

[3] Section § 106(a)(1)(A)(iii) of the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231, 310 (2005), amended 8 U.S.C. § 1252 by adding subsection (a)(2)(D), which reads that "[n]othing in subparagraph (B) [removing jurisdiction for review of denials of discretionary relief] or (C), or in any other provision of this chapter (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section." 8 U.S.C. § 1252(a)(2)(D). We, however, have held that the REAL ID Act did not vest us with jurisdiction to review a finding that an asylum application was untimely or that extraordinary circumstances justified an untimely filing, because these were discretionary or factual determinations. *Chacon-Botero v. U.S. Att'y Gen.*, 427 F.3d 954, 957 (11th Cir. 2005) (per curiam) ("The timeliness of an asylum application is not a constitutional claim or question of law covered by the Real ID Act's changes.").

4

## II. Withholding of Removal

Cristeven argues that, based on his credible testimony and independent evidence, he suffered persecution because of his Chinese ethnicity and Christian denomination, or, in the alternative, he has a well-founded fear of future persecution if he returns to Indonesia. Specifically, Cristeven asserts that the following amounts to persecution: attacks and discrimination in school, threats that forced his family to flee during the Dayak War in or about February 1997, demands for money and harassment by Muslims, and the anti-Chinese riots in Jakarta in 1998. The Government responds that the same does not constitute persecution.

We review the BIA's factual determinations under the substantial evidence test and "must affirm the [IJ's] decision if it is 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" *Al Najjar*, 257 F.3d at 1283-84 (citation omitted). "We have described the substantial evidence test as 'deferential,' and have emphasized [that] we may not 're-weigh the evidence' from scratch." *Mazariegos v. U.S. Att'y Gen.*, 241 F.3d 1320, 1323 (11th Cir. 2001). "To reverse . . . fact findings, we must find that the record not only supports reversal, but compels it." *Mendoza v. U.S. Att'y Gen.*, 327 F.3d 1283, 1287 (11th Cir. 2003).

To obtain withholding of removal, an alien must establish that his "life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). "The alien bears the burden of demonstrating that it is 'more likely than not' [he] will be persecuted or tortured upon being returned to [his] country." *Tan v. U.S. Att'y Gen.*, 446 F.3d 1369, 1375 (11th Cir. 2006) (quoting *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1232 (11th Cir. 2005)). "[P]ersecution is an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation, and . . . [m]ere harassment is not persecution." *Sepulveda*, 401 F.3d at 1231 (citation and internal quotations omitted); *Ruiz*, 479 F.3d at 766 (construing *Sepulveda* as holding the same). The standard for withholding of removal "is more stringent than the 'well-founded fear of future persecution' required for asylum." *Tan*, 446 F.3d at 1375 (citation omitted).

An alien may satisfy his burden of proof for withholding of removal in two ways. First, an alien may establish past persecution based on a protected ground. *Tan*, 446 F.3d at 1375. If he does so, the existence of past persecution creates a rebuttable presumption that he has a well-founded fear of future persecution and shifts the burden to the government to show changed conditions in the country or the ability to avoid a future threat through relocation. *Id.* Second, an alien may

6

establish that it is more likely than not that he would be persecuted upon removal due to race, religion, nationality, membership in a particular social group, or political opinion. *Id.* "'An alien cannot demonstrate that [he] more-likely-than-not would be persecuted on a protected ground if the [BIA] finds that the alien could avoid a future threat by relocating to another part of [his] country.'" *Id.* (quoting *Mendoza*, 327 F.3d at 1287).

Having reviewed the record and the briefs of the parties, we discern no error. Substantial evidence supports the determination that Cristeven did not meet the burden required for withholding of removal because he did not establish past persecution or an inability to avoid future persecution through relocation within Indonesia. Notably, the record reveals that Cristeven never suffered any physical harm based on his Chinese descent or Christianity and his family continues to reside unharmed in a non-Muslim area of Indonesia. *See Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1259 (11th Cir. 2006) (per curiam) (providing that evidence that an alien's family continues to reside unharmed in a country supports a conclusion that a threat may be avoided by relocation). Accordingly, we deny Cristeven's petition with regard to the withholding of removal claims.

**DISMISSED IN PART and DENIED IN PART**.